# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAED E. AL-ZAMELY,           )<br>                          Petitioner,   )<br>v.                                           )     Case No. CIV-07-639-HE<br>                                             )<br>ALBERTO GONZALES, et al.,  )<br>                                             )<br>                          Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, filed this action on June 5, 2007, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  At the time the Petition was filed, Petitioner was in the custody of the United States Immigration and Customs Enforcement ("ICE") and challenged his continued detention at the Oklahoma County Detention Center.  On August 15, 2007, Respondents filed a Motion to Dismiss [Doc. #17] on the ground of mootness.  Respondents state that Petitioner was released from ICE custody on August 14, 2007, pursuant to an Order of Supervision.  To date, Petitioner has not responded to the Motion nor sought an extension of time in which to respond.

The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  It is recommended that Petitioner's action be dismissed.

**Relevant Facts/ Case Background**

In the Petition, Petitioner alleges he is a native and citizen of Iraq. Petitioner alleges he has been in ICE custody since April 27, 2006.  Petitioner was ordered removed from the United States on October 6, 2006.  *See* Petition at 3 and Respondents' Motion to Dismiss

[Doc. #17], Exhibit 2, Removal Order.  Pursuant to the United States Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner claims he has been detained beyond the six-month presumptively reasonable removal period and that his continued detention under 8 U.S.C. § 1231(a)(6) violates the statutory authority granted to ICE.  Petitioner also alleges his continued detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment.  As relief, Petitioner seeks his release from custody.

On August 14, 2007, Petitioner was released from custody pursuant to an Order of Supervision.  *See* Respondents' Motion to Dismiss, Exhibit 4.  Pursuant to the terms of the Order of Supervision, Petitioner is required to report weekly to ICE officials at the ICE Oklahoma City Field Office within the State of Oklahoma and is required to remain within a fifty-mile radius of Oklahoma City.  *Id*.

## Discussion

"Article III of the United States Constitution only extends federal judicial power to cases or controversies."  *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ."  *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998).  To satisfy the case or controversy requirement, the petitioner must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision. *Id*.

A writ of habeas corpus may be granted pursuant to § 2241 only if the petitioner is "in custody." 28 U.S.C. § 2241(c). A habeas corpus petition is not moot, however, merely because the petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner's release from custody pursuant to the Order of Supervision renders his habeas petition moot. Petitioner has obtained the relief he requests and therefore the claims raised in the Petition cannot be redressed by a favorable judicial decision. *See Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (habeas petition filed by non-criminal alien challenging his continued INS detention pending removal from the United States was rendered moot by his supervised release from detention). Petitioner is no longer subject to any collateral consequences that would give rise to an Article III actual injury. *See Camara v. Canfort*, 235 F.Supp. 2d 1174, 1175-1176 (D. Colo. 2002) (alien's habeas challenge to continued detention and request for release from custody was rendered moot by release on order of supervision; "the conditions in the order of supervision flow, not from [the alien's] illegal detention, but from the final order of removal," and, therefore, "are not collateral consequences of [the alien's] detention"). In addition, Petitioner does not allege any exceptions to the mootness doctrine so as to require the Court to undertake review of those exceptions. Therefore, the action no longer presents a case or controversy subject to this Court's jurisdiction and should be dismissed as moot.

## RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss [Doc. #17] be granted and that Petitioner's action be dismissed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by October  2nd , 2007.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this case.

ENTERED this  12th  day of September, 2007.

*[signature]*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE